# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GELASIO SALAZAR and SAAD SHAMMAS, et al.,<br><br>                      Plaintiffs,<br><br>v.<br><br>AVIS BUDGET GROUP, INC, et al.,<br><br>                      Defendants | CASE NO. 07cv64-IEG (WMc)<br><br>ORDER REGARDING PLAINTIFFS' REQUEST FOR DISCLOSURE OF CLASS LIST DATA |

      Named plaintiffs Gelasio Salazar and Saad Shamas work for AB Car Rental Services, Inc. f/k/a Cendant Car Rental Operations Support ("Cendant"). Cendant is one of defendant Avis Budget Group Companies which operate the "Budget Rent A Car" line of car rental agencies.

      Before the Court is an unresolved discovery dispute wherein plaintiffs seek an order compelling defendants to "produce putative class members' and/or witnesses' names and addresses" as requested in "Plaintiffs' Interrogatories to Defendants." The Court has read and considered the letter briefs and replies submitted by both parties and incorporates its oral rulings from the September 19, 2007, motion hearing. For the reasons stated herein the Court GRANTS the relief sought by plaintiffs.

      Two California Supreme Court decisions inform and guide the Court's decision: *Hill v. National Collegiate Athletic Assn., 7 Cal. 4th 1 (1994)* and *Pioneer Electronics, Inc. v. Superior*

*Court*, 40 Cal. 4th 360 (2007).  Both cases support disclosure of the information Plaintiff seeks: the names and addresses of the potential class members, all employees of the Defendant.  Salazar and Avis are to jointly compose a letter that Avis will mail out to all potential class members giving them the option of signing and returning a letter specifically stating they do *not* want Avis to disclose their contact information to Plaintiff[1].  The effect of this ruling is that Avis must disclose the contact information of all class members who do not affirmatively withhold their authorization.  Thus, if a class member does not return the *signed* letter by the date required, Avis must immediately disclose the contact information to Plaintiff.

In *Pioneer* the potential class members were all Pioneer customers who had purchased and, complained to Pioneer about, a defective DVD player.  Thus, the potential class members did not know each other and there was little likelihood their paths would ever knowingly cross. In *Pioneer* there was a concern that, if Pioneer sent a letter to the potential class informing them that their contact information would be given to the Plaintiff unless they specifically disapproved of such disclosure by signing and returning an "*opt out*" letter, they would inadvertently give up their right to privacy by not opening the letter from Pioneer.   Such a concern does not realistically exist in the instant case where all the potential class members in the case share an obvious common nexus: they are employees of Defendant during the relevant time period.  Thus, they are much more likely to open and read a letter from their employer than from a third party vendor.  Further, in *Pioneer* there was no "'ongoing business relationship' between Pioneer and its complaining DVD player customers [which made it] unlikely they could be expected to open a letter from Pioneer and obtain actual notice of the 'impending impingement upon their privacy and the opportunity to assert their privacy rights." *Pioneer, at 369-370*.  In contrast, there is a clear "ongoing business relationship" between Avis and the potential class that was completely lacking in *Pioneer*.  Moreover, as employees of the same employer they will almost certainly talk among themselves about the letter.  Thus, there is very little likelihood they will inadvertently miss the opportunity to prevent disclosure of their contact information.

---

[1] Plaintiff has asserted that he does not want the telephone numbers of the potential class members.  Hence, the phrase "contact information" refers to the class members' full name and home address only and *not* their telephone number(s).

In addition, there was a concern in *Pioneer* that the proposed "mass mailing [would go] to persons whose identities are not known by the party seeking discovery." *Pioneer, at 369*. Here, Plaintiff likely knows some, or many, of the potential class members through regular workplace channels. Plaintiff might not know their contact information, but he probably knows, or could learn, their names. Finally, in reaching its holding in *Pioneer* the California Supreme Court reasserted the vitality of its decision in *Hill* and applied to *Pioneer* the test it articulated in *Hill* which this Court now also applies.

The first question under *Hill* is whether the potential class members have a "legally protected privacy interest." *Pioneer at 370.* Clearly, there is such a privacy interest in the present case.

The second inquiry under *Hill* is whether the potential class members have a "reasonable expectation of privacy under the particular circumstances." *Id at 370-371.* The Court believes it is fair to say that the potential class members here have a reasonable expectation that Avis will not disclose their contact information without first obtaining their consent in some form.

The third *Hill* inquiry is whether the prospective "invasion of privacy...[is] 'serious' in nature, scope, and actual impact or potential impact to constitute an 'egregious' breach of social norms, for trivial invasions afford no cause of action." *Id 371*. This element requires greater in-depth discussion. In *Pioneer* the potential class members might reasonably weigh their privacy interests higher than the opportunity to sue Pioneer for an allegedly defective product. However, the California Supreme Court correctly ruled that, under the circumstances there, the infringement on their privacy interest was minimal and probably outweighed by their consumer advocacy rights. That reasoning applies to the facts of this case with far greater force where the issue is not simply a single defective product but the ongoing rights and earnings of workers in the workplace. Here, only minimal privacy interests are involved. *See Pioneer at 371-372*. Further, class action lawsuits can serve a valuable social function in addressing the rights of the public. The voice of a class rings more loudly and garners more attention than a single voice. The California Supreme Court recognized this factor when it said: **"Additionally, adoption of the Court of Appeal's constitutionally based rule requiring an affirmative waiver from persons whose personal**

**identifying information is sought by others could have potentially adverse effects in cases brought to redress a variety of social ills, including consumer rights litigation.** *Id. At 374.*

Finally, the minimal information Plaintiff requests is indeed contemplated under the Federal Rules of Civil Procedure ( "F.R.C.P.") as basic to the discovery process. For example, F.R.C.P. 26(a)(1)(A) requires each party to disclose *before formal discovery begins* "the names, addresses and telephone numbers of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses."   Plaintiff has alleged "Defendants failed to provide the names and contact information for any of the putative class member auto mechanics (other than named Plaintiffs), *all* of whom are likely to have information that Defendants may use to support their claims or defenses". (P's August 31, 2007, Letter Brief at 2.) Given these allegations, one would reasonably expect Avis to have identified at least one employee in the prospective class. However, Avis has not provided such information for *any* member of the putative class.   Instead, Avis has listed fifteen persons who represent management. This disclosure appears to be an artful artifice to prevent Plaintiff from knowing the names of those most in the know from their own personal experience.   That Avis has not identified a single potential class member in its Rule 26 disclosures suggests a possible divergence between the interests of Avis and the interest of the targeted employees.  This divergence further suggests that Avis' concern about the privacy rights of the potential class members is actually driven more by the employer's self-interest.

Therefore, on or before October 31, 2007, Defendants must disclose to Plaintiffs the requested "class list data" as defined in Plaintiffs' August 31, 2007, Letter Brief.

IT IS SO ORDERED.

DATED: October 10, 2007

*[signature]*

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

cc: Honorable Irma Gonzalez
    U.S. District Court

All Counsel and Parties of Record

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28