1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   GELASIO SALAZAR and SAAD               CASE NO. 07-CV-0064-IEG-WMC
     SHAMMAS, et al.
12                                          **ORDER GRANTING PLAINTIFFS'**
                              Plaintiff,    **MOTION FOR LEAVE TO**
13         vs.                              **AMEND THE COMPLAINT**

14   AVIS BUDGET GROUP, INC., CENDANT       **(Doc. No. 48)**
15   CAR RENTAL GROUP, INC., CENDANT
     CAR RENTAL OPERATIONS SUPPORT,
16   INC., and BUDGET RENT A CAR
     SYSTEM, INC.,
17                              Defendant.
18

19         Presently before the Court is plaintiffs' motion for leave to file a first amended class

20   complaint.  (Doc. No. 48.)  Defendants have filed an opposition (Doc. No. 50) and plaintiffs have

21   filed a reply (Doc. No. 51).  The Court finds the matter fully briefed and appropriate for

22   disposition without oral argument pursuant to Local Rule 7.1(d)(1).  For the following reasons, the

23   Court grants plaintiffs' motion for leave to amend.

24                                    BACKGROUND

25         Plaintiffs bring this purported class action to recover wages and benefits allegedly owed to

26   mechanics and "mechanics' helpers" at the "Avis" and "Budget" brand car rental companies.

27   Plaintiffs filed the class complaint in Superior Court in San Diego, California, and defendants

28   removed the action to federal court on January 10, 2007.  (Doc. No. 1.)  By order of May 8, 2007,

the Court denied plaintiffs' motion to remand.  (Doc. No. 25.)  Discovery began in June of 2007.

The cut-off date for amending the pleadings was July 14, 2007.  (Doc. No. 29.)  The instant motion

was filed March 17, 2008.  (Doc. No. 48.)  Plaintiffs' motion for class certification is due May 12,

2008 and the discovery cutoff date is July 31, 2008.  (Doc. No. 43.)

DISCUSSION

**Legal Standard**

Under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend the party's

pleading only by leave of court or by written consent of the adverse party; and leave shall be freely

given when justice so requires."  Leave to amend is granted with "extreme liberality."  <u>Morongo</u>

<u>Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990).  "There are several

accepted reasons why leave to amend should not be granted, including the presence of bad faith on

the part of the [party seeking to amend], undue delay, prejudice to the [party opposing

amendment], futility of amendment, and that the party has previously amended the relevant

pleading."  <u>Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.</u>, 989 F. Supp. 1237, 1241

(N.D. Cal. 1997).

**Analysis**

Proposed Amendment

Plaintiffs seek leave to file an amended complaint naming Avis Rent a Car System, LLC as

a defendant.  Avis Rent a Car System, LLC is a subsidiary of Avis Budget Group, Inc., a named

defendant.  Plaintiffs learned or could have learned this corporation existed from the documents

produced by defendants in August of 2007.   Plaintiffs did not learn this entity employed Avis or

Budget brand mechanics and mechanics' helpers until the February 8, 2008 deposition of

Christopher Rolletta, defendants' person most knowledgeable regarding corporate structure.

Defendants' Arguments Against Amendment

Defendants argue the Court should deny leave to amend because the deadline for amending

has passed and plaintiffs should have clarified their corporate structure earlier.  Defendants do not

argue the motion is made in bad faith or that amendment is futile.  Defendants argue plaintiffs

should have sought amendment in August of 2007, when they learned Avis Rent a Car System,

1   LLC, is a subsidiary of a named defendant.

2          Ascertaining which entities employed potential class members took plaintiffs from August

3   of 2007 to February of 2008 because of the confusing corporate structure of the Avis and Budget

4   companies.  As plaintiffs explain, some mechanics or mechanics' helpers working under the Avis

5   or Budget brand have worked for both AB Car Rental Services, Inc., a named defendant, and Avis

6   Rent A Car System, LLC.  Defendants have produced the names of these proposed class members.

7   Other Avis or Budget brand mechanics and mechanics' helpers in California worked only for Avis

8   Rent a Car System, LLC, and thus defendants have not yet produced their names.

9          Despite plaintiffs' attempts to clarify which Avis and Budget entities employed mechanics

10   or mechanics' helpers in California,[1] plaintiffs never directly asked if Avis Rent a Car System,

11   LLC was an employing entity until the February 8, 2008 deposition.   Defendants argue it was not

12   their duty to volunteer information about an entity not named in the complaint.  Whether or not

13   defendants are responsible for this misunderstanding, plaintiffs diligently sought clarity and filed

14   this motion to amend the complaint promptly after they learned Avis Rent a Car System, LLC

15   employs mechanics and mechanics' helpers.[2]  Accordingly, the Court finds plaintiffs did not

16   unduly delay and finds good cause to permit the proposed amendment.[3]

17          <u>Defendants' Additional Requests</u>

18          Without citation to authority, defendants request plaintiffs pay any additional discovery

19   costs which may be incurred due to the amendment.  It does not appear any completed depositions

20   will be re-opened.  Because plaintiffs have acted in good faith, the Court finds it inappropriate to

21   require them to pay defendants' costs.  Cf. <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d

22   _____

23          [1]<u>See</u> Williams Letter of December 21, 2008, Ex. 4 In Support of Plaintiffs' Motion (confirming

24   plaintiffs' counsel's understanding that defendants were not withholding responsive documents due
     to objections based on which defendant entities employed class members).

25          [2]First, plaintiffs applied to Magistrate Judge McCurine to compel production of the names of
     mechanics and mechanics' helpers employed by Avis Rent a Car System, LLC.  (Plaintiffs' Memo.

26   ISO Motion at 9.)  Magistrate Judge McCurine denied this request because the entity is not a named
     defendant.  (<u>Id.</u>)

27          [3]Plaintiffs filed a second reply brief in support of the motion on May 2, 2008.  (Doc. No. 54.)

28   Defendants filed an additional reply brief on May 6, 2008.  (Doc. No. 57.)  Because plaintiffs' original
     motion established good cause, the Court does not consider plaintiffs' newly discovered additional
     evidence or defendants' arguments against its relevance.

708, 712 (9th Cir. 2001) (declining to find prejudice unless the nonmoving party establishes the party seeking amendment "delay[ed] assertion of [the amendment] for the purposes of forcing a party to incur unnecessary expenses.").

Defendants also request a thirty-day continuance of upcoming deadlines and hearing dates. The Court refers the matter to Magistrate Judge McCurine to extend the deadlines by no more than thirty days.

CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs leave to file the proposed amended complaint within ten (10) days of the date this Order is stamped "filed."

**IT IS SO ORDERED.**

**DATED:  May 14, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**