UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GELASIO SALAZAR and SAAD SHAMMAS, et al. | CASE NO. 07-CV-0064-IEG-WMC |
|---|---|
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| vs. | |
| AVIS BUDGET GROUP, INC., BUDGET RENT A CAR SYSTEM, INC., AVIS BUDGET CAR RENTAL, LLC, AB CAR RENTAL SERVICES, INC., and AVIS RENT A CAR SYSTEM, LLC, | **(Doc. No. 58.)** |
| Defendants. | |

Presently before the Court is a motion for class certification filed by plaintiffs Gelasio Salazar and Saad Shammas. (Doc. No. 58.) For the following reasons, the Court denies the motion.

BACKGROUND

**Factual Background**

Plaintiffs bring this purported class action to recover wages allegedly owed to mechanics and "mechanics' helpers" (collectively "employees") for work days they did not take a thirty minute meal period. Defendants are companies involved in operating the Avis and Budget car rental agencies. Plaintiff Gelasio Salazar worked for one of the Budget companies as a mechanic's helper beginning in 1999. Plaintiff Saad Shammas worked for a Budget company as a mechanic's

helper beginning in 2003.

Plaintiffs allege they did not always take a meal period of at least thirty minutes after working for five hours and are thus owed additional compensation under the California Labor Code. The payroll records for the named plaintiffs and other mechanics show they did not always stop working for a thirty minute meal period during each business day. Defendants argue there is no evidence they ever required any employee to work through his or her meal period.

**Procedural Background**

Plaintiffs filed the class complaint in Superior Court in San Diego, California, and defendants removed the action to federal court on January 10, 2007. (Doc. No. 1.) On May 8, 2007, the Court denied plaintiffs' motion to remand. (Doc. No. 25.) On May 12, 2008, plaintiffs filed the instant motion. (Doc. No. 58.) On May 14, 2008, the Court granted plaintiffs' motion to file an amended complaint. (Doc. No. 65.) Plaintiffs filed the first amended complaint on May 15, 2008. (Doc. No. 66.) On June 9, 2008, defendants filed an opposition to the motion for class certification. (Doc. No. 72.) On June 16, 2008, plaintiffs filed a reply.[1] The Court heard oral argument on the motion on June 23, 2008 at 10:30 a.m. Sarah Warner and Tim Williams appeared on behalf of plaintiffs. Jerrilyn Malana and Jody Landry appeared on behalf of defendants.

DISCUSSION

**Legal Standard**

Rule 23 of the Federal Rules of Civil Procedure governs the certification of a class in federal court. As a threshold matter, the moving party must establish that all four requirements of Rule 23(a) have been met. These four requirements are often referred to as numerosity, commonality, typicality, and adequacy. Hunt v. Check Recovery Sys., Inc., 241 F.R.D. 505 (N.D. Cal. 2007). First, the class must be so numerous that joinder of all members individually is "impracticable." See Fed. R. Civ. P. 23(a)(1). Second, there must be questions of law or fact

---

[1] Plaintiffs and defendants have each filed objections to the exhibits cited in support of and in opposition to the motion. The Court overrules defendants' objections based on vagueness, ambiguity, foundation and relevance. See Defendants' Objections at 2-8. The Court overrules plaintiffs' objections to the declarations in support of defendants' opposition to the motion, as they are not supported by law. See Plaintiffs' Objections at 2-3. The Court denies as moot any other objections and requests for judicial notice not discussed in this Order.

1  common to the class. Id. (a)(2).  Third, the claims or defenses of the class representative must be
2  typical of the claims or defenses of the class. Id. (a)(3).  And fourth, the person representing the
3  class must be able to protect fairly and adequately the interests of all members of the class. Id.
4  (a)(4).

5      If all four prerequisites of Rule 23(a) are satisfied, the court then determines whether to
6  certify the class under one of the three subsections of Rule 23(b).  In this case, plaintiffs rely upon
7  subsection Rule 23(b)(3), which requires plaintiffs to establish that: (1) questions of law or fact
8  common to the class predominate; and (2) a class action is superior to other methods available for
9  adjudicating the controversy at issue. See Fed. R. Civ. P. 23(b)(3).

10      In determining whether an action warrants class treatment under Rule 23, "the question is
11  not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but
12  rather whether the requirements of Rule 23 are met." Eisen v. Carlisle & Jacquelin, 417 U.S. 156,
13  177 (1974).  "At this early stage of the litigation, the Court must only determine if the plaintiffs
14  have proffered enough evidence to meet the requirements of FRCP 23, not weigh competing
15  evidence." Wang v. Chinese Daily News, Inc., 231 F.R.D. 602, 605 (C.D. Cal. 2005) (citation
16  omitted).  The court exercises broad discretion in granting or denying a motion for class
17  certification. See Staton v. Boeing Co., 327 F.3d 938, 953 (9th Cir. 2003); Dukes v. Wal-Mart,
18  Inc., 509 F.3d 1168, 1175 (9th Cir. 2007) ("The district court's decision to certify this class is
19  subject to very limited review and will be reversed only upon a strong showing that the district
20  court's decision was a clear abuse of discretion.") (citation omitted).

21  **Analysis**
22  **1.    Proposed Class**
23      Plaintiffs move for certification of a class comprised of:
24          All individuals who have worked as auto mechanics for one or more of the
           Defendants in California performing maintenance on Avis and/or Budget rental cars
25          on or after November 27, 2002.
26  **2.    Do Common Questions Predominate?**
27      The central issue disputed by the parties is whether plaintiffs have shown common
28  questions of law or fact sufficient to meet their burden under Rule 23(a)(2) and shown that these

1  common questions predominate over individual questions under Rule 23(b)(3). This dispute, in

2  turn, hinges on the interpretation of California Labor Code Sections 512(a) and 226.7 regarding

3  meal periods. Section 512 is the basis for plaintiffs' wage claims and provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

7  Cal. Labor Code § 512(a); see also id. § 226.7 ("No employer shall require any employee to work

8  during any meal or rest period mandated by an applicable order of the Industrial Welfare

9  Commission."). The statute also provides for an additional thirty minute meal period if the

10 employee works ten hours. Id. § 512(a). If an employer fails to provide a meal period, it must pay

11 the employee for an additional hour of work at the regular rate. Cal. Labor Code § 226.7; Cal.

12 Code Regs., tit. 8, § 11090, subd.11(D).[2]

13       The parties dispute the meaning of "provide" in Sections 512 and 226.7. Plaintiffs argue

14 defendants must ensure employees actually stop working for thirty minutes each day and if an

15 employee does not take a meal period for any reason, the extra hour of wages must be paid.

16 Defendants argue the statute simply requires employers to make a meal period available, but that

17 employees may voluntarily work through the meal period or any portion thereof, and be paid for

18 that time.

19       The California Supreme Court has not interpreted the meaning of "provide" in the Labor

20 Code. Accordingly, the Court "is Erie-bound to apply the law as it believes that court would

21 [apply] under the circumstances." White v. Starbucks Corp., 497 F. Supp. 2d 1080, 1088 (N.D.

22 Cal. 2007) (citing Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 663 (9th Cir.

23 1998)). Decisions of the California courts of appeal are not themselves binding on this Court.

24 Brown v. Fed. Express Corp., ___ F.R.D. ___, 2008 WL 906517 at *6 (C.D. Cal. Feb. 26, 2008)

---

[2] Plaintiffs also claim defendants violated California Labor Code Section 226(a) by failing to provide employees with accurate wage statements; violated California Labor Code Sections 200 through 202 by failing to pay employees all wages upon termination of employment; and violated California Business & Professions Code Section 17200 because non-payment of wages is an unlawful business practice. If defendants had no obligation to pay the additional wages, they did not violate these other provisions.

(citing Guebara v. Allstate Ins. Co., 237 F.3d 987, 993 (9th Cir. 2001)).

Plaintiffs rely heavily on the California Court of Appeal's decision in Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949 (Cal. Ct. App. 2005). In that decision, the court explained "employers have an affirmative obligation to ensure that workers are actually relieved of all duty" during a meal period. Id. at 962. But in White v. Starbucks, the district court for the Northern District of California found Cicairos does not support the broad proposition that employers must ensure breaks are taken. 497 F. Supp. 2d 1080 (N.D. Cal. 2007). The court criticized plaintiffs' reading of Cicairos:

> [Plaintiff] harps on one sentence in the case stating that "employers have an affirmative obligation to ensure that workers are actually relieved of all duty." That language is consistent, however, with a rule requiring an employer to *offer* or *provide* or *authorize and permit* a meal break, i.e., the interpretation that [defendant] endorses.

497 F. Supp. 2d at 1089 (internal citations and quotation marks omitted); see also Kenny v. Supercuts, Inc., No. C 06-07521 CRB, 2008 WL 2265194 at *5 (N.D. Cal. June 2, 2008) ("Cicairos is not persuasive authority for the proposition that employers must ensure that their employees take meal breaks and this Court is not bound by the court of appeals' decision.").

In White, Chief Judge Walker concluded employers must "*offer* meal breaks, without forcing employers actively to ensure that workers are taking these breaks." 497 F. Supp. 2d at 1089. "[T]he employee must show that he was *forced to forego* his meal breaks as opposed to merely showing that he did not take them regardless of the reason." Id. This interpretation was also adopted by Judge Fischer in Brown, 2008 WL 906517, and by Judge Breyer in a recent unpublished decision in Kenny, 2008 WL 2265194.[3]

Plaintiffs argue their interpretation of the statute is supported by the statutory text, Ninth Circuit caselaw, and the legislative history. First, plaintiffs point to the waiver provision of Section 512: "if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee." Cal. Labor Code § 512(a). Plaintiffs argue this indicates an employee may only decline to take a meal period if he or

---

[3]This decision is the subject of defendants' additional request for judicial notice, which the Court hereby grants. (Doc. No. 77.)

she works less than six hours. As Judge Breyer explained in Kenny, the "waiver applies to the employer's obligation to 'provide' a meal break, not to the employee's decision to take a meal break." 2008 WL 2265194 at *5. Similarly, plaintiffs' reliance on Valles v. Ivy Hill Corp., 410 F.3d 1071 (9th Cir. 2005), is misplaced. In Valles, the court held the right to receive meal periods may not be waived in a collective bargaining agreement. In other words, employees may not contract away their right to be free from work-related duties during a meal period. But Valles does not obligate employers to force meal periods upon workers. The documents of the Industrial Welfare Commission,[4] which state employees "must receive" the meal period, also pertain to the employers' mandatory duty to provide the meal period. None of these sources indicates an employer must ensure each employee uses the entire meal period every day.

The Court agrees with the compelling reasons advanced by the White, Brown, and Kenny decisions for interpreting "provide" to mean "make available" rather than "ensure taken." As the Brown court explained:

> Requiring enforcement of meal breaks would place an undue burden on employers whose employees are numerous or who, as with Plaintiffs, do not appear to remain in contact with the employer during the day. It would also create perverse incentives, encouraging employees to violate company meal break policy in order to receive extra compensation under California wage and hour laws.

2008 WL 906517 at *6 (internal citation omitted).

This conclusion is also bolstered by dicta in the California Supreme Court decision in Murphy v. Kenneth Cole Productions, Inc., 40 Cal. 4th 1094 (2007). Describing the meal period provisions, the court explained "employees are entitled to an unpaid 30-minute, duty-free meal period after working for five hours . . . . An employee *forced to forgo* his or her meal period . . . loses a benefit to which the law entitles him or her." Id. at 1104 (emphasis added); see also Brown, 2008 WL 906517 at *5 (explaining Murphy supports view that meal period use is not mandatory).[5]

---

[4] See Plaintiffs' Reply, Ex. 34.

[5] The Court will not consider the unpublished decision in Brinker Restaurant Corp. v. Superior Court of San Diego County (Adam Hohnbaum), No. D049331, 2007 WL 2965604 (Cal. Ct. App. Oct. 12, 2007) (Defendants' Request for Judicial Notice, Ex B). Brinker did not address the merits of either interpretation of the statute. Moreover, the Court of Appeal is reconsidering its decision and a new opinion is forthcoming. The Court also finds no merit to defendants' argument that the

1   The <u>White</u>, <u>Kenny</u>, and <u>Brown</u> decisions are persuasive and well-reasoned.[6] If this issue
2   were before it, the California Supreme Court would adopt defendants' construction of the meal
3   period provisions. Accordingly, the Court holds plaintiffs must show defendants *forced* plaintiffs
4   to forego missed meal periods.

5   This interpretation of the statute forecloses class-wide adjudication of claims in this case.
6   As in <u>Kenny</u>, "individual issues predominate. Liability cannot be established without individual
7   trials for each class member to determine why each class member did not clock out for a full 30-
8   minute meal break on any particular day." 2008 WL 2265194 at *6; <u>see also</u> <u>Brown</u>, 2008 WL
9   906517 at *6 ("Because FedEx was required only to make meal breaks . . . available to Plaintiffs,
10  Plaintiffs may prevail only if they demonstrate that FedEx's policies deprived them of those
11  breaks. Any such showing will require substantial individualized fact finding."); <u>Blackwell v.
12  SkyWest Airlines, Inc.</u>, 245 F.R.D. 453, 467 (S.D. Cal. 2007) ("First, to determine which
13  employees were not provided a timely 30-minute meal period requires a highly individualized
14  factual inquiry. This is because many stations did not require employees to clock in-and-out for
15  meal periods during the majority of the class period, and there are incomplete records to determine
16  whether meal periods were taken, and, if so, for how long.").

17  //
18  //
19  //
20  //
21  //
22  //

---

California Division of Labor Standards Enforcement (DLSE) adopted that decision by requesting its publication. Accordingly, the Court denies judicial notice of Exhibits B and C to defendants' request for judicial notice.

[6]Plaintiffs attempted to distinguish these cases at oral argument. For example, counsel cited the language in <u>White v. Starbucks</u> noting the absence of evidence that employees missed meal periods. The decision, however, noted this factor as well as the absence of evidence the employer "pressured" employees to miss breaks, which is also absent in this case. 497 F. Supp. 2d at 1089. The <u>White</u> court held "the employee must show that he was *forced to forego* his meal breaks." <u>Id.</u> Evidence of missed meal periods does not meet this standard.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES plaintiffs' motion for class certification.

**IT IS SO ORDERED.**

**DATED: July 2, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**