UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALAZAR, ET AL.,<br><br>                                    Plaintiff,<br>vs.<br>AVIS BUDGET GROUP, INC. ET AL.,<br><br>                                    Defendant. | CASE NO. 07-cv-0064 - IEG (WMC)<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

Presently before the Court is Plaintiffs' Motion to Remand the Action to State Court pursuant to 28 U.S.C. § 1447(c). (Doc. No. 93.) Plaintiffs argue the Court's denial of class certification stripped the Court of subject matter jurisdiction. Defendants filed an opposition, plaintiffs filed a reply, and on November 17, 2008, the Court heard oral argument. For the following reasons, the Court **GRANTS** plaintiffs' motion.

**BACKGROUND**

This wage and hour case is for missed lunch and meal breaks. Plaintiffs worked as defendants' automobile mechanics, lube technicians, or mechanics helpers. Plaintiffs allege defendants deprived them of meal breaks in violation of California state law.

Plaintiffs filed a potential class action on November 27, 2006 in the Superior Court of the State of California, County of San Diego. Defendants removed the action to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2), (d)(5) and 1453(a).

Following removal, plaintiffs filed a motion to remand the action to state court, arguing

1  defendants could not prove the CAFA jurisdictional amount in controversy of $5,000,000. This Court
2  denied plaintiffs' first motion to remand in an order dated May 8, 2007 ("May 8 Order").

3  Plaintiffs then filed a motion for class certification, which this Court denied on July 2, 2008.
4  In that order, this Court determined class treatment was not appropriate because individual issues
5  predominated, finding the law required defendants to "provide" meal periods to employees, rather than
6  "ensure" employees took meal periods. Therefore, an individualized inquiry is necessary to determine
7  why each class member missed meal breaks, a task for which class action litigation is ill-suited.
8  Plaintiffs requested permission to appeal, which the Ninth Circuit denied.

9  On September 17, 2008, defendants filed a motion for summary judgment. On the same day,
10 plaintiffs filed their instant motion to remand. The parties agreed to have the motion to remand heard
11 prior to defendants' motion for summary judgment.

## LEGAL STANDARD

13 "[A]ny civil action brought in a State court of which the district courts . . . have original
14 jurisdiction, may be removed by the . . . defendants, to the district court." 28 U.S.C. § 1441(a). In
15 February 2005, Congress passed CAFA, which gave district courts subject matter jurisdiction over
16 class actions involving (1) at least 100 potential class members, (2) diversity between any putative
17 class member and any defendant, and (3) combined claims in excess of $5,000,000. 28 U.S.C. §§
18 1332(d)(2), (d)(2)(A) & (d)(5)(B). Critically, CAFA only grants jurisdiction if the civil action "is a
19 class action." 28 U.S.C. § 1332(d)(2). A "class action means any civil action filed under rule 23 of
20 the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing
21 an action to be brought by 1 or more representative personas as a class action."

22 Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the
23 district court lacks subject matter jurisdiction, the case shall be remanded."

## DISCUSSION

25 The issue is whether a district court must remand an action removed from state court under
26 CAFA if the court denies class certification.
27 //
28 //

i.      Plaintiffs' Argument

Plaintiffs argue the Court's denial of class certification eliminated CAFA subject matter jurisdiction, which grants jurisdiction over class actions involving (1) 100 potential class members, (2) diversity between one class member and one defendant, and (3) class claims totaling more than $5,000,000. Plaintiffs contend the Court lacks jurisdiction following the certification denial because only two plaintiffs remain with claims less than $5 million.

In support of their argument, plaintiffs cite three district court cases. First, plaintiffs cite the proceedings surrounding Brown v. Federal Express Corp., 249 F.R.D. 580 (C.D. Cal. 2008). In Brown, the court denied class certification to a class claiming denial of meal periods. In a subsequent order, the court remanded, finding the refusal to certify a class divested the court of federal subject matter jurisdiction. (Plaintiffs' Exhibit 1) ("Brown Remand Order"). The Brown Remand Order characterized a denial of class certification as a legal determination that plaintiffs' claims no longer constitute a class action. Once a court denies certification, the court reasoned, CAFA no longer applies. Plaintiffs also cite McGaughey v. Treistman, 2007 WL 24935 (S.D.N.Y. 2007). Plaintiffs claim the McGaughey court denied a motion for class certification based on a lack of numerosity, dropping the amount in controversy below the CAFA requirement. The court stated, "denial of class certification leaves this court without subject matter jurisdiction . . .." Id. at *1. Finally, plaintiffs cite Arabian v. Sony Electronics, Inc., 2007 WL 2701340 (S.D. Cal. 2007), which adopted similar reasoning. Plaintiffs contend the Arabian court found "if class certification is subsequently denied on a basis that precludes even the reasonably foreseeable possibility of subsequent class certification in the future, the Court may lose jurisdiction at that point." Id. at *4.

Plaintiffs distinguish a fourth district court case, Falcon v. Phillips Electronic North America, 489 F. Supp. 2d 367 (S.D.N.Y. 2007). The Falcon court denied class certification because the class representative was inadequate, but refused to dismiss the action. Id. at 369. The Falcon court reasoned, unlike a lack of numerosity, an adequate representative could surface, so there was potential for future class certification. Plaintiffs note this Court's denial of certification based on a lack of predominance allowed no potential for future class certification.

Plaintiffs contend this Court foreclosed any future class action when it denied certification

based on lack of predominance. Like in McGaughey, plaintiffs argue, the certification denial effectively held this action will never be sustained as a class action. Further, plaintiffs argue the language of Federal Rule of Civil Procedure 12(h)(3) bolsters the conclusion when it states, "whenever it appears by suggestion of the parties or others that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

ii.   Defendants' Opposition

Defendants argue CAFA diversity jurisdiction is decided at the time of removal under St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938) ("the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal . . .."). Defendants further contend a federal court retains subject-matter jurisdiction for the duration of the litigation. Id. at 291. Defendants note in Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-571, the Supreme Court held post-removal changes do not cure defects in jurisdiction because diversity jurisdiction must exist at the time of removal. Id. at 575. Defendants argue this Court found it had removal jurisdiction in its May 8, 2007 Order Denying Motion to Remand.

Defendants cite cases in which district courts denied motions to remand following a denial of class certification. Defendants cite Genebacher v. Centurytel Fiber Company II, LLC, 500 F. Supp. 2d 1014 (C.D. Ill. 2007), in which the court determined "subsequent determinations that the plaintiffs cannot establish the jurisdictional facts do not affect the continued jurisdiction of this Court." Id. at 1017. Defendants also cite: Anthony v. Small Tube Manufacturing Corp., 535 F. Supp.24 506, 512 (E.D. Pa. 2007) ("Generally speaking, the nature of plaintiffs claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed"); Garcia v. Boyar & Miller, P.C., 2007 WL 1556961 (N.D. Tex. May 30, 2007) (denying plaintiffs motion to remand following determination that class certification was not possible given defendant's initial disclosures); and Cooper v. R.J. Reynolds Tobacco, Co., 2008 WL 4093715 (M.D. Fla. 2008) (denying the plaintiff's motion to remand following a motion to sever because CAFA diversity is decided at the time of removal).

Defendants argue the plain language of CAFA indicates CAFA jurisdiction arises based upon the contents of the complaint. Defendants cite 28 U.S.C. § 1332(d)(2)(8), which states, "This

subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." Defendants conclude the statute is silent whether the certification order must grant or deny certification, therefore, jurisdiction persists regardless of a court's conclusion. Similarly, 28 U.S.C. §§1332 (d)(1) and (d)(2) refer to allegations supporting class actions, the plaintiff must allege they are bringing claims as a class action. Under CAFA, "class action" means any civil action *filed* under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . .." 28 U.S.C. § 1332(d)(1)(B). From this language, defendants conclude the Court must look to the allegations to determine jurisdiction, not subsequent orders.

Defendants also contend Congress intended courts to determine removal jurisdiction at the time of removal. Defendants first cite CAFA's legislative history. Next, defendants argue Congress knew "the legal context in which it is legislating"; therefore, this Court should presume Congress intended St. Paul Mercury to apply to removals based on CAFA

Defendants attack the authority plaintiffs rely upon in their motion. Defendants argue plaintiffs' cited cases erroneously classify the denial of class certification as "a legal determination." Defendants further contend plaintiffs' authority is unpersuasive because it follows McGaughey., which defendants contend cited no authority or any reasoned analysis for why a district court would be divested of jurisdiction upon denial of class certification. Therefore, defendants argue, Falcon and Arabian should be unpersuasive because they relied upon McGaughey. Finally, defendants note the cases on which plaintiffs rely were not removed from state court to federal court.

Defendants also argue prudential considerations, such as judicial economy and fairness weigh against remand. Defendants note the case is over two years old and the parties completed discovery.

At oral arguments, defendants cited Judge Brazil's opinion in Millar v. Bay Area Rapid Transit District, 236 F. Supp. 2d 1110 (N.D. Cal. 2002), alleging the opinion supported their argument.

iii.    Plaintiffs' Reply

Plaintiffs dispute the applicability of pre-CAFA cases. Plaintiffs argue CAFA imposes three jurisdictional requirements: (1) complete diversity, (2) amount in controversy, and (3) the case must be a class action. This third requirement did not exist before CAFA (enacted in 2005); therefore, plaintiff argues pre-CAFA only address the first two jurisdiction requirements. Addressing St. Paul

1  Mercury and Grupo Dataflux, plaintiffs argue both cases are pre-CAFA and only address the first two
2  jurisdictional requirements. Similarly, plaintiffs argue defendants' authority is predominately pre-
3  CAFA and do not address the "class action" jurisdiction requirement.

4        Plaintiffs next address defendants' post-CAFA cases. First, plaintiffs address the alleged
5  procedural differences between this case and Falcon and Arabian. Plaintiffs argue the manner in
6  which a court obtains jurisdiction is irrelevant because the issue is whether the court continues to have
7  subject matter jurisdiction. Plaintiffs contend the fundamental jurisdictional analysis is the same.
8  Second, plaintiffs argue Genebacher is distinguishable from the current case because the Genebacher
9  plaintiffs could potential move for later certification on other grounds; however, this Court determined
10 claims for missed meal periods cannot be subjected to class treatment. Further, plaintiffs argue,
11 Genebacher ignores Federal Rule of Civil Procedure 12(h)(3), which instructs courts to dismiss the
12 case "at any time" if it lacks subject matter jurisdiction.

13       Finally, plaintiffs argue "time for removal" is not the proper standard for determining
14 continuing jurisdiction under the current remand statute. Plaintiffs argue the 1988 amendment to the
15 remand statute, 28 U.S.C. § 1447, altered a federal court's duty to remand a case; thereby, superseding
16 St. Paul Mercury. In support of this interpretation, plaintiffs cite two district court cases. In Bailey
17 v. Wal-Mart Stores, 981 F. Supp. 1415 (N.D. Ala. 1997), plaintiffs contend the court remanded after
18 plaintiff lowered the amount in controversy to defeat federal jurisdiction because of the 1988
19 amendments. In Villano v. Kohl's Department Stores, Inc., plaintiffs contend the court found the 1988
20 amendments "overturned the Supreme Court's interpretation of the statute in St. Paul Mercury" and
21 required remanding the case after plaintiff lowered the amount in controversy.

22 iv.   Analysis

23       The handful of courts to address this issue post-CAFA have come to different conclusions.
24 (See Brown Remand Order, Plaintiffs' Exhibit 1) (collecting cases).

25       Courts retaining jurisdiction after denial of class certification rely on two propositions. First,
26 they note federal courts determine removal jurisdiction at the moment the case is removed and
27 subsequent determinations the plaintiff cannot prove the jurisdictional facts alleged do not affect
28 continued jurisdiction. See, e.g., Genebacher, 500 F. Supp. 2d at 1016. Second, these courts note

class certification orders are interlocutory and subject to change. Falcon v. Philips Electronics North America Corp., 489 F. Supp. 2d 367 (S.D.N.Y. 2007).  At least four other cases, aside from Genebacher, follow this logic: Anthony v. Small Tube Manufacturing Corp., 535 F. Supp.2d 506, 512 (E.D. Pa. 2007);  Garcia v. Boyar & Miller, P.C., 2007 WL 1556961 (N.D. Tex. May 30, 2007); Cooper v. R.J. Reynolds Tobacco, Co., 2008 WL 4093715 (M.D. Fla. 2008).

Courts remanding the action to state court after denial of class certification rely on two counter-propositions.  First, they hold the issue of class certification is a legal determination that plaintiffs' claims do not constitute an actual or potential class action, a prerequisite for CAFA jurisdiction.  See, e.g., Arabian v. Sony Electronics, 2007 WL 2701340 (S.D. Cal. Sept 13, 2007). Specifically, these courts reason, unlike a post-filing change of residence or change in the amount of his claim, a denial of class certification is a determination there is not – and never was – CAFA diversity jurisdiction.  Id.  Second, these courts believe Genebacher ignores Federal Rule of Civil Procedure 12(h)(3), which instructs "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[1]  The courts in Brown Remand Order (Plaintiffs' Exhibit 1) and McGaughey v. Treistman, 2007 WL 24935 (S.D.N.Y. 2007), also follow this reasoning.

This Court accepts the Arabian, Brown, and McGaughey reasoning because it never had CAFA jurisdiction.  When this Court denied class certification, it determined there is not – and never was – CAFA diversity jurisdiction.  Although removal appeared to be proper at the time of the May 8 Order, subsequent revelations demonstrate the court never had subject-matter jurisdiction.  Under Federal Rule of Civil Procedure, the court must dismiss the action because it lacked subject-matter jurisdiction at the time of removal.

Conversely, this Court rejects the reasoning in the Genebacher line of cases.  First, unlike the pre-CAFA cases cited by defendants, the instant case does not involve facts occurring subsequent to removal such as a plaintiff attempting to defeat diversity by moving into a jurisdiction or reducing the amount in controversy.  Instead, when the Court denied class certification, it determined a class action

---

[1] Most of these cases rely on an earlier wording of Rule 12(h)(3), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  The rewording does not effect the substance of the rule.

1  did not exist *at the time of removal*, therefore, removal jurisdiction never existed.  Second, unlike the
2  <u>Falcon</u> court's certification denial, this Court's denial of class certification did not leave doubt future
3  amendments cannot cure the predominance defect.

4  Further, the <u>St. Paul Mercury</u> line of cases are inapplicable because they address post-removal
5  changes in jurisdictional facts.  Here, the Court decided a certifiable class does not – and never did
6  – exist.  This is analogous to diversity cases in which the court learns a party is actually from Arizona
7  and not California, thereby destroying diversity.  The <u>St. Paul Mercury</u> rule is inapplicable.

8  The Court also rejects defendants' plain language argument.  Under 28 U.S.C. § 1332(d)(8),
9  CAFA applies to class actions "before or after the entry of a class certification order."  Further, 28
10 U.S.C. § 1332(d)(1)(B) defines a "class action" as "any civil action *filed* under rule 23 of the Federal
11 Rules of Civil Procedure . . .." (emphasis added).  The plain language could be read to indicate
12 Congress intended jurisdiction to extend beyond the class certification order, regardless of outcome.
13 However, it seems more likely Congress instead drafted section 1332(d)(8) to ensure courts have
14 jurisdiction over putative class actions prior to determination on class certification.  The court in the
15 <u>Brown Remand Order</u> agrees, holding subsection 1332(d)(8) serves the "readily apparent purpose of
16 CAFA to expand jurisdiction over class actions, not individual claims, [by] ensur[ing] courts have
17 jurisdiction over putative class actions." (Pls.' Mot. to Remand, Ex. 1 at 3 n.2.)

18 The Court rejects defendants' pragmatic arguments because these considerations are irrelevant
19 when the Court lacks subject-matter jurisdiction.

20 Finally, at oral argument, defendants cited <u>Millar v. Bay Area Rapid Transit District</u>, 236 F.
21 Supp. 2d 1110 (N.D. Cal. 2002).  In <u>Millar</u>, the court assessed whether to remand a case removed due
22 to *federal question jurisdiction* after the plaintiff struck the federal claims from his complaint *post-*
23 *removal*.  First, the federal question jurisdiction paradigm is wholly separate from diversity
24 jurisdiction analysis.  Second, the plaintiff attempted to oust the court of federal jurisdiction based on
25 events subsequent to removal. Here, the defendant removed under CAFA diversity jurisdiction, which
26 involves a completely separate analysis.  Further, the present plaintiffs did not attempt to oust the
27 federal court of jurisdiction; doubtless they would have preferred the Court grant class certification.
28 Finally, the denial of class certification was not a fact arising after removal, but rather a legal

conclusion the class never existed.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiffs' motion to remand. As to defendants' alternative request the Court certify an appeal of this order, appellate review of remand orders is subject to the discretion of the Court of Appeals pursuant to 28 U.S.C. § 1453(c).

**IT IS SO ORDERED.**

DATED: November 20, 2008

*Irma E. Gonzalez*
IRMA E. GONZALEZ, Chief Judge
United States District Court